UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLUE GENTIAN, LLC, )
NATIONAL EXPRESS, INC., )
and DAP PRODUCTS INC. )
   )
           Plaintiffs, )
   )
v. )
   )
TRISTAR PRODUCTS, INC., )
   )
           Defendant. )

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT
NONINFRINGEMENT AND/OR PATENT INVALIDITY
AND DEMAND FOR JURY TRIAL**

Plaintiffs, Blue Gentian, LLC (hereinafter "Blue Gentian"), National Express, Inc. (hereinafter "National Express), and DAP Products Inc. (hereinafter "DAP"), (collectively "Plaintiffs") file this Complaint against Defendant Tristar Products, Inc. (hereinafter "Tristar"), and state as follows:

**NATURE OF THE ACTION**

1.      This is an action for a declaratory judgment of non-infringement and/or invalidity of United States Patent Nos. 6,948,527 ("the '527 patent") and 7,549,448 ("the '448 patent").

**JURISDICTION AND VENUE**

2.      This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338, as it relates to U.S. patents currently in force.

4. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. Ch. 48.193(1) and (2) in that, upon information, Tristar operates, conducts, engages in and carries on a business or business venture in Florida, or has an office or agency in Florida and/or is engaged in substantial and not isolated activity in Florida, including its marketing, distribution and sale of numerous "As Seen on TV" products, including its Flex~Able Hose product, throughout this District.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant "resides" in the District, and a substantial part of the events giving rise to the claims at issue occurred in this District.

6. Plaintiff Blue Gentian is based in this District and is alleged by Defendant Tristar to have committed acts of patent infringement in this District. DAP and National Express are also allegedly committing infringing activities within this District.

## THE PARTIES

7. Plaintiff Blue Gentian is a Florida corporation having its principal place of business at 223 Skylark Point, Jupiter, FL 33458.

8. Plaintiff National Express is a Connecticut corporation having a place of business at 2 Morgan Avenue, Norwalk, Connecticut, 06851.

9. Plaintiff DAP Products, Inc. is a Delaware corporation having its corporate headquarters at 2400 Boston Street, Suite 200, Baltimore, Maryland, 21224.

10. Defendant Tristar Products, Inc. is a Pennsylvania corporation having its corporate headquarters at 492 Route 46 East, Fairfield, New Jersey, 07004.

**SUBJECT PATENTS**

11.     The '527 patent, entitled "Pressure-Actuated Linearly Retractable and Extendible Hose," issued on September 25, 2005 to Gary Dean Ragner and Robert Daniel deRochemont, Jr.  the '527 patent is attached hereto as Exhibit A.

12.     The '448 patent, entitled "Linearly Retractable Pressure Hose," issued on June 23, 2009 to Gary Dean Ragner.  The '448 patent is attached hereto as Exhibit B.

**CASE AND CONTROVERSY**

13.     Plaintiffs collectively import, market, sell, and have manufactured, the XHOSE®.  The XHOSE® is the subject of U.S. Patent Nos. 8,291,941 and 8,291,942, which are owned by Plaintiff Blue Gentian.

14.     On October 22, 2012, Tristar filed a complaint in the District of New Jersey, against Plaintiffs National Express, DAP Brands Co. (a related company to DAP), and one other party, alleging infringement of the subject patents identified in paragraphs 11-12 above (Case no. 2:12-CV-06650-DMC-JAD, the "Tristar Complaint").  The Tristar Complaint is attached hereto as Exhibit C.

15.     The Tristar Complaint asserts that Tristar maintains "the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States certain products covered" by the '527 patent and the '448 patent.

16.     The Tristar Complaint alleges that National Express and DAP Brands Co. each "makes, uses, sells, and/or offers to sell and/or induces others to make, use, sell, and/or offer to sell, hoses, which embody and/or use the inventions claimed" in the '527 and '448 patents, including the XHOSE® product.

17. Plaintiffs do not infringe, either directly or indirectly any valid claim of the '527 or '448 patents.

18. As a result of the Defendant's accusations of patent infringement, an actual and justiciable controversy exists between Plaintiffs and Defendant as to whether the XHOSE® or Plaintiffs' other hoses embody and/or use the inventions claimed in the '527 and/or the '448 patents.

19. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201 that the XHOSE® and Plaintiffs' other hoses are not infringing, and have not infringed, directly or indirectly, any valid claim of the '527 and '448 patents and, granting to Plaintiffs all other declaratory relief to which they may be entitled.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '527 Patent)

20. Plaintiffs incorporate and reallege paragraphs 1-19, above.

21. Tristar has accused the Plaintiffs' "hoses" of infringing the '527 patent.

22. Plaintiffs contend that the XHOSE® and any of their other hoses do not infringe, either directly or indirectly, any valid claim of the '527 patent.

23. An actual and justiciable controversy exists between the Plaintiffs and Tristar as to whether the '527 patent is infringed by the XHOSE® or Plaintiffs' other hoses.

24. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that the XHOSE® or Plaintiffs' other hoses are not infringing, and have not infringed, directly or indirectly, any valid claim of the '527 patent.

## COUNT TWO
**(Declaratory Judgment of Invalidity of the '527 Patent)**

25. Plaintiffs incorporate and reallege paragraphs 1-19, above.

26. Plaintiffs contend that one or more claims of the '527 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§101, 102, 103 and 112.

27. An actual and justiciable controversy exists between Plaintiffs and Tristar as to whether the '527 patent is valid.

28. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201 that one or more claims of the '527 patent are invalid.

## COUNT THREE
**(Declaratory Judgment of Non-Infringement of the '448 Patent)**

29. Plaintiffs incorporate and reallege paragraphs 1-19, above.

30. Tristar has accused the Plaintiffs' "hoses" of infringing the '448 patent.

31. Plaintiffs contend that the XHOSE® and any of their other hoses do not infringe, either directly or indirectly, any valid claim of the '448 patent.

32. An actual and justiciable controversy exists between the Plaintiffs and Defendant as to whether the '448 patent is infringed by the XHOSE® or Plaintiffs' other hoses.

33. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that the XHOSE® or Plaintiffs' other hoses are not infringing, and have not infringed, directly or indirectly, any valid claim of the '448 patent.

## COUNT FOUR
### (Declaratory Judgment of Invalidity of the '448 Patent)

34. Plaintiffs incorporate and reallege paragraphs 1-19, above

35. Plaintiffs contend that one or more claims of the '448 patent are invalid for failure to comply with one or more of the requirements for patentability of 35 U.S.C. §§ 101, 102, 103 and 112.

36. An actual and justiciable controversy exists between Plaintiffs and Tristar as to whether the '448 patent is valid.

37. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 that one or more claims of the '448 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray that this Court enter judgment:

A. Declaring that the XHOSE® and Plaintiffs' other hoses have not infringed and are not infringing, directly or indirectly, any valid claim of the '527 patent;

B. Declaring that the claims of the '527 patent are invalid;

C. Permanently enjoining Tristar, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting, directly or indirectly, against Plaintiffs, their customers, potential customers or users of the XHOSE® or Plaintiffs' other hoses, any charge of infringement of the '527 patent;

D. Declaring that the XHOSE® and Plaintiffs' other hoses have not infringed and are not infringing, directly or indirectly, any valid claim of the '448 patent;

E. Declaring that the claims of the '448 patent are invalid;

F.  Permanently enjoining Tristar, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting, directly or indirectly, against Plaintiffs, their customers, potential customers or users of the XHOSE® or Plaintiffs' other hoses, any charge of infringement of the '448 patent;

G.  Determining that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their costs and attorneys' fees; and

H.  Granting to Plaintiffs such further necessary or proper relief as the Court may deem just.

## JURY DEMANDED

Plaintiffs demand trial by jury on all issues eligible for submission to a jury.

Respectfully submitted,

By: /Edward F. McHale_____
McHale & Slavin, P.A.
2855 PGA Blvd.
Palm Beach Gardens, FL  33410
litigation@mchaleslavin.com
561-625-6575 (tel.)
561-625-6572 (fax)

and

Steve Coyle
Cantor Colburn, LLP
20 Church Street, 22nd Fl.
Hartford, CT 06103
Scoyle@cantorcolburn.com
(860) 286-2929 (tel.)
(860) 286-0115 (fax.)
*Attorneys for Plaintiffs*