UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81402-CIV-MIDDLEBROOKS/BRANNON

BLUE GENTIAN, LLC, *et al.*,

    Plaintiffs,

vs.

TRISTAR PRODUCTS, INC.,

    Defendant.
_____/

## ORDER ON TRISTAR'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Tristar Products, Inc.'s ("Tristar") Motion to Dismiss Pursuant to the First-to-File Rule (DE 14) ("Motion"), filed February 18, 2013. Plaintiffs Blue Gentian, LLC ("Blue Gentian"), National Express, Inc. ("National Express"), and DAP Products, Inc. ("DAP") (collectively, "Plaintiffs") filed a Response (DE 21) on March 12, 2013, to which Tristar filed a Reply (DE 22) on March 22, 2013. I have reviewed the Motion, Response, Reply, and record in this case, and I am otherwise fully advised in the premises.

**I.**     **Background**

This is an action for a declaratory judgment of non-infringement and/or invalidity of two patents (the "'527 Patent" and the "'448 Patent") for retractable and expandable hoses. Specifically, "Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that [their products] are not infringing, and have not infringed, directly or indirectly, any valid claim of the '527 and '448 patents . . . ." (DE 1 at ¶ 19). Plaintiffs filed their Complaint in this Court on December 21, 2012.

1

On October 22, 2012, two months before Plaintiffs filed the instant action, Tristar filed a complaint in the District of New Jersey against Plaintiff National Express, DAP Brands Co.,[1] and one other party alleging infringement of the '527 and '448 Patents.[2] Plaintiffs notify the Court of the pendency of the New Jersey Action in the body of their Complaint.

The New Jersey Action is not the only other case involving the Parties and the hoses at issue here. On October 23, 2012, Blue Gentian and National Express filed an infringement action in the Southern District of Florida against Tristar for two of their patents (the '941 and '942 Patents) concerning their hose products.[3] *See Blue Gentian, LLC v. Tristar Prods., Inc.*, No. 12-cv-81170-PAS (S.D. Fla. filed Oct. 23, 2012). That same date, three additional lawsuits were filed in connection with the Blue Gentian and Tristar patents. Tristar filed a declaratory judgment action in the District of New Jersey against Blue Gentian, National Express, and two other parties with potential rights in the Blue Gentian patents. *See Tristar Prods., Inc. v. Nat'l Express, Inc.*, No. 12-cv-06675-DMC-JAD (D. N.J. filed Oct. 23, 2012). Telebrands Corporation, another distributor of expandable hoses who is not a party to this case, also sued National Express and Blue Gentian in New Jersey, seeking a declaratory judgment in connection with the Blue Gentian patents. *See Telebrands Corp. v. Nat'l Express, Inc.*, No. 12-cv-06671-FHS-PS (D. N.J. filed Oct. 23, 2012). Blue Gentian in turn sued Telebrands in this Court for infringement of the '941 and '942 Patents. *See Blue Gentian, LLC v. Telebrands Corp.*, No. 12-cv-81169-DMM (S.D. Fla. filed Oct. 23, 2012).[4]

---

[1] The Complaint in the instant case states that DAP Brands Co. is "a related company to [Plaintiff] DAP." (DE 1 at ¶ 15).
[2] The action currently pending in the District of New Jersey is Case No. 12-cv-06650-DMC-JAD (D. N.J. filed Oct. 22, 2012) (the "New Jersey Action").
[3] The Honorable Patricia A. Seitz subsequently transferred that action to New Jersey on March 19, 2013, pursuant to section 1404(a).
[4] I subsequently transferred that case to the District of New Jersey on January 24, 2013, pursuant

On February 18, 2013, Defendants filed the instant Motion to transfer this action to the District of New Jersey. In support, Defendants invoke the first-to-file rule based upon the earlier filing of the New Jersey Action. In the alternative, Defendants seek transfer pursuant to 28 U.S.C. § 1404(a).[5] In response, Plaintiffs ask the Court to exercise its discretion to retain jurisdiction in this District because the New Jersey Action's filing was "directly related to the fact that Tristar was closely monitoring the [United States Patent and Trademark Office] website to determine the issuance date of the '941 and '942 Patents." (DE 21 at 4).

## II.   Discussion

After considering the arguments made by both sides, I am not persuaded by Plaintiffs' "related cases" argument, and this case must be transferred to the District of New Jersey pursuant to the first-to-file rule. "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.'" *Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (citation omitted). Courts applying this rule agree "'that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.'" *Id.* Thus, once the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed. *Id.*; *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). Rather, "the proper course of action [is] for the court to transfer the case to the [first-

---

to § 1404(a).
[5] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

3

filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle*, 174 F.3d at 606.

Because, as noted above, it is beyond dispute that the present action post-dates the New Jersey Action, and it is clear that there is a substantial overlap between the two cases, the United States District Court for the District of New Jersey is the appropriate court to decide whether this action should be allowed to proceed, or whether it should be consolidated with the New Jersey Action.[6]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Tristar's Motion to Dismiss Pursuant to the First-to-File Rule (DE 14) is **GRANTED**;

2. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the District of New Jersey;

3. All pending motions are **DENIED** as moot; and

4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of June, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[6] Given that the Motion is due to be granted pursuant to the first-to-file rule, the Court need not reach the 1404(a) analysis, as Defendant argued transfer under § 1404(a) in the alternative.